IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>Jack Albert Chappell,<br><br>　　　　　Defendant. | Case No. 1:16-CR-52<br><br>Defendant's<br>Motion to Continue Trial Dates;<br>And Motion to Review Pretrial Detention |

　　　　Now comes the Defendant Jack Chappell, by and through his attorney Theodore T. Sandberg of the law firm Olson, Juntunen & Sandberg, Ltd., Grand Forks, North Dakota, and hereby respectfully requests that this Court continue his trial date; and also to review (and conduct a hearing if the Court deems appropriate) its order detaining the Defendant pending trial.

　　　　Defendant is currently being housed at the Grand Forks (N.D.) County Correctional Center.  He has also been housed at the Heart of America Correctional Center in Rugby, North Dakota.

　　　　Defendant's jury trial is scheduled for 2/12/2019.  The trial was originally set for 11/27/18, and was continued at the request of the Defendant due to ongoing medical issues.

　　　　The Defendant's motion to continue and motion to review his pretrial confinement status are related, and thus for the sake of economy the Defendant submits both issues into one motion.

I.      **Factual Basis for Both Motions:  Defendant's Medical Issues:**

Defendant has a serious medical issue, to wit:  He has a broken back and neck. Defendant has a steel rod and screws in his back and neck that literally hold up his head. It appears that the hardware in his neck has malfunctioned and/or broken, and several screws are broken.  The upshot is that the Defendant is in severe pain, all the time. Defendant indicates that the matter is getting progressively worse as the support system in his back continues to fail.  Defendant also has numbness, and other symptoms related to the failure of the back and neck hardware.

Defendant sleeps on a thin pad on a hard slab.  Defendant is not allowed any narcotic pain relief stronger than Tylenol.  Defendant is not able to sleep, sit, stand, or rest comfortably without a certain high degree of pain.  The symptoms, issues, and pain began approximately six months ago, and have progressed.

He had several medical appointments for his back and neck while at Heart of America; and those appointments recently culminated with a review, inspection and consult with neurosurgeon Dr. Larkins at Altru Hospital (Grand Forks, North Dakota), on November 7, 2018.  Defendant indicates that the result of the appointment was that the professionals at Altru were unable to perform the necessary corrective surgery on his neck and back, and that Defendant would have to be seen at the Mayo Clinic (Rochester, Minnesota).

Attached to this motion are medical documents received from the Grand Forks County Correctional Center; documents from Altru Hospital have been requested and are allegedly forthcoming and the Defendant shall supplement this briefing, if necessary,

with those documents.  Defendant is still waiting for his referral from Altru to a surgeon at Mayo, as was explained to him at the November 7, 2018 appointment.   The delay in Altru's process, somewhere somehow for some reason, is a part of the reason for this motion.

The November 27, 2018 jury trial was continued to prevent him being moved from Grand Forks to Bismarck prior to trial.  At that time, it was believed that any such move would automatically cancel and forestall the Defendant's needed medical care.   This whole medical process was scheduled in the early Fall of 2018, when Defendant was still being housed at the Heart of America Correctional Center.  When he transferred to Grand Forks, all his appointments (which had been arranged while in Rugby) were cancelled.  That required Defendant to get back in line, so to speak, and begin the slow process of getting serious medical help through the laborious process necessary for the treatment of Federal detainees.  He is only now, after a few months, getting his medical situation back on track. In the meantime, he has been living with serious and significant pain.

## II. <u>Motion to Continue Trial Dates</u>

No matter the outcome of the Defendant's second part of this motion (his request to revisit his pretrial confinement), it appears clear that his medical issues will barely be resolved, if at all, by the date of the pending trial.   Defendant will ultimately, it is well presumed, need serious, invasive corrective surgery on his neck and back – likely in a medical facility such as the Mayo Clinic.  This will require time to set up; time to transport; time for the surgery; time for rehabilitation.  All of these issues require detailed

scheduling that would be tossed askew should the Defendant be transported to Bismarck for trial before the medical process was complete.

Furthermore, there is no reasonable manner in which the Defendant could, or should, be forced to stand trial – much less assist in his own defense – in his current crippled and painful medical state.  It is impossible for the Defendant to concentrate for long periods of time; let alone sit for long periods of time; which would be necessary during a lengthy and complicated criminal jury trial.  The pain is a serious detriment to his psychological health.

Lastly, the Defendant, if convicted, would be facing a serious sentence of Life, or something very close to Life.  Due to the extreme sentence faced, the Defendant must be able to clearly, confidently, and – as best can be managed – painlessly be present to defend himself and assist his legal counsel.

Accordingly, the Defendant requests that the trial be continued to a much-later date so that his medical issues have a chance to be resolved without conflict, interruption, or delay.


### III. **Motion to Review Pretrial Confinement:**

Defendant also asks that this Court review the terms and conditions of his pretrial confinement.

Defendant asserts that his current confinement places him in serious pain, jeopardy of continued and worsening serious medical problems, and is therefore causing unusual punishment upon him.  Defendant asserts that his medical issues (and the attendant pain)

are above and beyond what a normal inmate might face while awaiting trial. Because of his unique, serious, and deteriorating medical status, the Defendant is not merely uncomfortable in jail; not merely unhappy in jail; not merely frustrated in jail; and not merely experiencing a temporary illness or minor medical matter. The Defendant's medical condition cannot be treated in the jail; the symptoms cannot be managed in the jail; and there is no pain relief available to him in the jail.

Defendant therefore seeks a review of his pretrial confinement and makes the following recommendations to the Court to perhaps remedy the situation:

1. Allow the Defendant to be placed on pretrial release. Defendant is from California, and he would live with his sister in California, subject to approval form pretrial services. He would be handle his medical issues in California – where his actual doctors are located, and his medical procedures were historically completed. Defendant claims that he has been previously deemed 100% disabled by U.S. Social Security, and accordingly the Defendant will be able to pay for his own procedure; with his own Doctors; in his own home. All of this, needless to say, would be expected to be confirmed and verified by pretrial service officers before any release would occur.

2. Order the transport of the Defendant to a medical facility immediately, or as soon as can be done. Defendant would request that if the Court is unable or unwilling to issue such an order, that the Defendant be released—under certain terms and conditions – to the medical care of the Mayo Clinic or other medical facility that will be conducting his eventual surgery.

3. Any other relief that the Court might be able to grant, including placement in a half-way house or GPS monitoring.

**IV.     Prayer for Relief:**

Therefore, the Defendant requests that his trial date be continued; and that his pretrial confinement/release be reviewed by the Court.

Dated: December 13, 2018

//Ted Sandberg            //
Theodore T. Sandberg
Attorney at Law
Olson, Juntunen & Sandberg, Ltd.
315 1st Ave. N.
Grand Forks, North Dakota   58201-5788
Phone:  701-775-4688
Fax:  701-775-2440
Email:  tsandberg@ojs-law.com
Attorney for Jack Albert Chappell