## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION TO REDUCE SENTENCE** |
| vs. | ) | |
| | ) | |
| Jack Albert Chappell, | ) | Case No. 1:16-cr-052 |
| | ) | |
| Defendant. | ) | |

---------------------------------------------------------------------------------------------------------------------

Before the Court is the Defendant's *pro se* motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on May 30, 2024.  See Doc. No. 821.  The Government filed a response in opposition to the motion on June 12, 2024.  See Doc. No. 823  The Defendant filed a reply on September 3, 2024.  See Doc. No. 829.  For the reasons set forth below, the motion is denied.

## I.    BACKGROUND

On April 6, 2016, the Defendant was charged by way of superseding indictment with three (3) counts: conspiracy to distribute and possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(a) and 2.  See Doc. No. 74.  On February 26, 2019, a jury trial commenced. See Doc. No. 564.  On March 1, 2019, the jury found the Defendant guilty on the drug and money laundering conspiracy charges (Counts One and Ten) but acquitted him on the firearms charge (Count Twelve).  See Doc. No. 563.  The Presentence Investigation Report ("PSR") established a total offense level of 40 and criminal history category of VI with an advisory Sentencing Guideline range of 360 months to life. See Doc. No. , ¶¶ 20, 143.  On September 6, 2019, the Court adopted the PSR

1

without change and sentenced the Defendant to a 360-month term of imprisonment on the drug conspiracy charge and a concurrent 240-month term of imprisonment on the money laundering conspiracy charge.  <u>See</u> Doc. No. 625.  The Defendant appealed.  <u>See</u> Doc. No. 628.  The Eighth Circuit Court of Appeals affirmed the judgment of the District Court on March 10, 2021.  <u>See</u> Doc. No. 718.  The Defendant filed a Section 2255 motion on October 3, 2022, which the Court denied on May 23, 2023.  <u>See</u> Doc Nos. 774 and 814.

On May 30, 2024, the Defendant filed a motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) citing his health problems as "extraordinary and compelling" reasons justifying the requested sentence reduction.  <u>See</u> Doc. No. 821.  The Government filed a response in opposition to the motion contending the Defendant had failed to provide an appropriate basis for a sentence reduction.  <u>See</u> Doc. No. 823.  The Defendant filed a reply in support of the motion.  <u>See</u> Doc. No. 829.  The Defendant is serving his sentence at Victorville Medium I FCI in Victorville, California. He has a presumptive release date of May 6, 2042.

## II.    <u>LEGAL DISCUSSION</u>

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP <u>or</u> upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  In this case, the Government maintains the Defendant has not exhausted his administrative remedies.  However, the record reveals he did make a request for compassionate release on September 17, 2020, that was denied by the Warden on October 23, 2020.  <u>See</u> Doc No. 823-3.  While remote in time from the current motion, the Court

notes the Warden's response was outside the 30-day window prescribed by the First Step Act.  The Court concludes the Defendant has exhausted his administrative remedies.  See United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021) (explaining the exhaustion requirement is a mandatory claims processing rule).

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement.  See 18 U.S.C. § 3582(c)(1)(A).  There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009).  Nor is there a right to a hearing.  See Dillon v. United States, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP.  Such motions were rarely filed.  This all changed when the First Step Act was signed into law on December 21, 2018.  The relevant portion of the new law now reads as follows:

**(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–

**(1)** in any case–

**(A)** the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the

3

factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–

> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i) (emphasis added).

The First Step Act does not define "extraordinary and compelling reasons." The applicable Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 provides as follows:

> **(a) In General**.--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–
>
> > **(1)** **(A)** Extraordinary and compelling reasons warrant the reduction; or
> >
> > **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> >
> > **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> >
> > **(3)** The reduction is consistent with this policy statement.
>
> **(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> > **(1) Medical Circumstances of the Defendant**.--
> >
> > > **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage

4

organ disease, and advanced dementia.

**(B)** The defendant is–

    **(i)** suffering from a serious physical or medical condition,

    **(ii)** suffering from a serious functional or cognitive impairment, or

    **(iii)** experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

**(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances–

    **(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

    **(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

    **(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant**.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(3) Family Circumstances of the Defendant**.--

**(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

**(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

**(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

**(4) Victim of Abuse**.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

**(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or

**(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

**(5) Other Reasons**.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence**.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

**(c) Limitation on Changes in Law**.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

**(d) Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

**(e) Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G. § 1B1.13.

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public.  See U.S.S.G. § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release.  See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13.  Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court.  United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

The Defendant's primary contention is that his health problems qualify as extraordinary and compelling reasons warranting a sentence reduction. The Defendant maintains he has terminal cancer. The Defendant, who was 59, at the time of sentencing, is 64 years of age and has approximately 18 years left on his 360-month sentence. His presumptive release date is May 6, 2042. At sentencing, the Defendant was found to have a criminal history category VI (22 criminal history points).

The medical records indicate the defendant has a number of health issues but he does not have a terminal illness or an end of life trajectory. The Defendant states his health problems include chronic neck pain related to a broken neck he suffered in a 1992 car accident, hepatitis C, COPD, and right knee pain. The PSR noted all these health problems except the COPD. See Doc. No. 623, ¶ 84. The medical records generally support the Defendant's complaints but do not reveal any conditions that cannot be managed with appropriate medical care while incarcerated. See Doc. No. 822-1.

The Defendant has not demonstrated that his medical conditions have significantly impacted his day-to-day living or his ability to provide self-care. The Court was aware of his health problems at the time of sentencing. Since the Defendant does not have an end of life trajectory and the Defendant is able to provide himself with self-care, he has not established that his medical problems warrant a sentence reduction.

In addition, the Court concludes the Section 3553(a) sentencing factors weigh against any sentence reduction. The Defendant has an extensive prior criminal history beginning in 1979. The PSR noted he has spent a substantial part of his adult life in prison. See Doc No. 623, ¶ 65. The offense in this case is a serious drug trafficking crime. The Defendant fell within criminal history category of VI. His advisory Guideline Sentencing range was 360- months to life. The Court sentenced him to 360-months of imprisonment. He has served approximately 7 years of his 30-year

sentence.  The need for the sentence imposed under Section 3553(a)(2)(A)-(C) still remains given nature of the offense (distribution of approximately 20 pounds of methamphetamine).  Granting Defendant's motion under 18 U.S.C. § 3582(c)(1)(A) would undermine the Section 3553(a) factors.

The Court has carefully reviewed the entire record and concludes the Defendant has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction.  See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

III.    **CONCLUSION**

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 821) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 10th day of September, 2024.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court